459 P.2d 461

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Tom CONNERS, Defendant-Appellee.**

**No. 335.**

Court of Appeals of New Mexico.
Sept. 26, 1969.

James A. Maloney, Atty. Gen., Ray Shol-lenbarger, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

William M. Siegenthaler, Artesia, for defendant-appellee.

## OPINION

WOOD, Judge.

Defendant was charged with issuing two worthless checks totaling in excess of $25.00. The trial court held that the punishment provided by § 40–49–5(B), N.M.S.A. 1953 (Repl.Vol. 6, Supp.1969) was unconstitutionally vague and quashed the information. The State appeals.

State v. Ferris, (N.M.Ct.App.) 159 P.2d 462, decided September 19, 1969, held that the words, "total amount of the checks," appearing in § 40–49–5, N.M.S.A. 1953 (Repl.Vol. 6, Supp.1969) were unconstitutionally vague. It also held that the offense of issuing worthless checks was charged without reference to penalty provisions, that the unconstitutional "totaling" provision could be severed and a person could be punished under the remaining provisions of § 40–49–5, supra.

 State v. Ferris, supra, is applicable. The trial court correctly held that defendant could not be punished under § 40–49–5(B), supra, by "totaling" the two checks. However, the trial court erred in quashing the information. Defendant can be punished under the remaining provisions of § 40–49–5, supra, for each worthless check that he has issued.

The order quashing the information is reversed. The cause is remanded with directions to reinstate the information and proceed consistently with this opinion.

It is so ordered.

OMAN and HENDLEY, JJ., concur.